# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARQUEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>I. QUINTERO, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-01965-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 20) |

Plaintiff Anthony Marquez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 20, 2012, Plaintiff filed a motion for an extension of time to file an opposition to Defendants' motion to dismiss and also requested appointment of counsel.[1]  (ECF No. 20.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997).  Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances.  <u>See</u> <u>Rand</u>,

---

[1] Plaintiff was granted an extension of time in an order issued on September 18, 2012.  (ECF No. 21.)

1

1 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has
2 made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
3 This court is faced with similar cases almost daily. Further a review of the record in this action does
4 not demonstrate that Plaintiff is unable to adequately articulate his claims, nor does it appear that
5 Plaintiff is likely to succeed on the merits of this action as defendants allege he did not exhaust his
6 administrative remedies. Therefore, plaintiff's request for the appointment of counsel shall be
7 denied.
8     In accordance with the above, plaintiff's request for the appointment of counsel is HEREBY
9 DENIED.

11     IT IS SO ORDERED.
12   Dated:   **October 25, 2012**               /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE