1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| ANTHONY MARQUEZ, | CASE NO. 1:10-cv-01965-AWI-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| I. QUINTERO, et al., | (ECF No. 13) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

9
10
11
12
13
14
15

**Findings and Recommendations on Motion to Dismiss**

16

**I.     Procedural History**

17             Plaintiff Anthony Marquez is a state prisoner proceeding pro se and in forma pauperis in this

18   civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint, filed

19   October 20, 2010, against Defendants D. Horban and I Quintero for deliberate indifference in

20   violation of the Eighth Amendment.  (ECF No. 9.)  On April 6, 2012, Defendant Horban filed a

21   motion to dismiss for failure to exhaust administrative remedies.  (ECF No. 13.)  In light of the

22   decision in <u>Woods v. Carey</u>, 684 F.3d 934, 939 (9th Cir. 2012), Plaintiff was provided with notice

23   of the requirements for opposing a motion to dismiss and granted thirty days in which to file an

24   opposition on July 13, 2012.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003); (ECF Nos. 15, 16.)

25   On August 16, 2012, Defendant Quintero joined in the motion to dismiss.  (ECF No. 19.)  Plaintiff

26   received a thirty day extension of time to file his opposition on September 18, 2012.  (ECF No. 21.)

27   More than thirty days have passed and Plaintiff has failed to file an opposition.  The matter is

28   deemed submitted.

1

1    II.    **Allegations in Complaint**

2        On September 11, 2009, Plaintiff was moved and assigned an upper bunk.  Plaintiff alleges

3    that he informed Defendants Quintero and Horban that he had a medical chrono for a lower bunk,

4    lower tier assignment due to a seizure disorder.  Defendants refused to honor the medical chrono.

5    On September 12, 2009, Plaintiff had a seizure and fell from the top bunk and was in a coma due to

6    his injuries.  (Compl. 3,[1] ECF No. 1.)

7    III.    **Defendants' Motion to Dismiss**

8        A.    **Legal Standard**

9        Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

10   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

11   confined in any jail, prison, or other correctional facility until such administrative remedies as are

12   available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement

13   applies to all prisoner suits relating to prison conditions.  Woodford v. Ngo, 548 U.S. 81, 85 (2006).

14   All available remedies must be exhausted, not just those remedies that meet federal standards,

15   Woodford, 548 U.S. at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532

16   U.S. 731, 739 (2001).  Prisoners must complete the prison's administrative process, regardless of

17   the relief sought by the prisoner and regardless of the relief offered by the process, as long as the

18   administrative process can provide some sort of relief on the complaint stated.  Id at 741; see

19   Woodford, 548 U.S. at 93.

20       Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

21   defense which defendants have the burden of raising and proving the absence of exhaustion.  Lira

22   v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005).  The failure to exhaust nonjudicial administrative

23   remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a

24   summary judgment motion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza

25   v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)).

26

27          [1]All references to pagination of specific documents pertain to those as indicated on the upper right corners
     via the CM/ECF electronic court docketing system.

28

2

1    "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and

2    decide disputed issues of fact." Sapp v. Kimbrell, 623 F.3d. 813, 821 (9th Cir. 2010) (quoting

3    Wyatt, 315 F.3d at 1119-20).   If the court concludes that the prisoner has failed to exhaust

4    administrative remedies, the proper remedy is dismissal without prejudice, even where there has

5    been exhaustion while the suit is pending. Lira, 427 F.3d at 1171.

6      **2.** **Discussion**

7      Defendants argue that Plaintiff did not exhaust his administrative remedies because the only

8    appeal he submitted regarding the incident alleged in the complaint was screened out as being

9    untimely. (Memo. Points and Authorities in Support of Defendant's Motion to Dismiss 4, ECF No.

10   13-1.)   In support of the motion, Defendants submit the declaration of M. Rocha, Appeals

11   Coordinator at North Kern State Prison.   Rocha states that the only appeal that Plaintiff submitted

12   regarding this incident was filed on April 14, 2010, over seven months after the incident.  The appeal

13   was screened out at the second level of review and not assigned a log number because too much time

14   had passed between the incident and when Plaintiff filed the appeal.  (Rocha Dec. ¶ 6, ECF No. 13-

15   2.) Defendants also submit the declaration of D. Foston, Chief of the Office of Appeals, who states

16   that Plaintiff has not had any appeals accepted at the third level of review.  (Foston Dec. ¶ 8, ECF

17   No. 13-3.)

18     Pursuant to the PLRA, the exhaustion requirement is mandatory. McKinney v. Carey, 311

19   F.3d 1198, 1199 (9th Cir. 2002).  The requirement that an inmate exhaust administrative remedies

20   prior to bringing suit serves two purposes.  "Exhaustion gives an agency an opportunity to correct

21   its own mistakes with respect to the programs it administers before being haled into federal

22   court[,]"and "promotes efficiency by allowing claims to be resolved much more quickly and

23   economically . . . than in litigation in federal court." Sapp, 623 F.3d at 823 (internal punctuation and

24   citations omitted).  The inmate "must complete the administrative review process in accordance with

25   the applicable procedural rules, including deadlines," Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir.

26   2010) (citations omitted), as a precondition to bringing suit, McKinney, 311 F.3d at 1200; Harvey,

27   605 F.3d at 683.  The PLRA requires that the administrative grievance process be completed prior

28   to initiating the action in federal court. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

1   The California Department of Corrections has an administrative grievance system for

2   prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. (West 2009).[2] "Any inmate or parolee

3   under the department's jurisdiction may appeal any departmental decision, action, condition, or

4   policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs.

5   tit. 15, § 3084.1(a). During the relevant time period, four levels of appeal were involved, including

6   the informal level, first formal level, second formal level, and third formal level, also known as the

7   "Director's Level," and appeals had to be submitted within fifteen working days of the event being

8   appealed. Id. at §§ 3084.5, 3084.6(c).

9   Plaintiff is required to comply with the procedural rules governing the inmate appeals process

10  and the exhaustion requirement may not be satisfied by filing an untimely appeal. Woodford, 548

11  U.S. at 83-84. In this instance, Plaintiff was injured on September 12, 2009, and filed his appeal on

12  April 14, 2010. The regulations required that Plaintiff file his grievance within fifteen working days

13  of the alleged deliberate indifference of Defendants Quintero and Horban. Plaintiff's grievance was

14  filed well after the incident and clearly violated the fifteen-day time constraint. Plaintiff has

15  submitted no evidence bringing into question the propriety of the screening decision rejecting his

16  appeal as untimely, and therefore, Defendants are entitled to dismissal of this action for failure to

17  exhaust administrative remedies. Sapp, 623 F.3d at 823-24.

18  **III.   Conclusion and Recommendation**

19  The Court finds that Plaintiff failed to exhaust his administrative remedies for his deliberate

20  indifference claim against Defendants Horban and Quintero. Accordingly, the Court HEREBY

21  RECOMMENDS that Defendants' motion to dismiss be granted, and this action be dismissed,

22  without prejudice, for failure to exhaust administrative remedies.

23  These findings and recommendations will be submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30)

25  days after being served with these findings and recommendations, Plaintiff may file written

26  objections with the Court. The document should be captioned "Objections to Magistrate Judge's

27

28  [2] All further references to the California Code of Regulation shall be to the 2009 regulations.

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 29, 2012**          **/s/ Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE